IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE D. SHUBERT TRISSEL, )<br>and PATRICIA A. GILBERT, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　)　　　No. CIV-17-1350-C<br>　　　　　　　　　　　　　　　　)<br>CHICAGO TITLE OKLAHOMA CO., )<br>and DAVID PATRICK, 　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. 　)| |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs filed the present action asserting claims for violation of Title VII and/or the Oklahoma Anti-Discrimination Act ("OADA"). Additionally, Plaintiffs asserted a state law-based tort claim alleging that Defendant Patrick intentionally interfered with their contractual relationship. Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that certain of Plaintiffs' claims fail to state a claim for relief. Specifically, Defendants argue that Plaintiff Trissel failed to file her lawsuit within 90 days of receiving her Notice of Rights letter from the EEOC. Defendants also challenge Plaintiffs' tort claim for intentional interference with contractual relationship. According to Defendants, the facts alleged by Plaintiffs in support of this claim make clear that their exclusive remedy for the alleged wrongdoing in that claim is either Title VII or the OADA. Finally, Defendants argue certain of the allegations raised by Plaintiffs

occurred more than 300 days prior to the filing of the charge of discrimination and therefore were not timely pursued.

Plaintiffs filed this action on December 18, 2017. Defendants note that the Notice of Rights letter issued by the EEOC to Plaintiff Trissel is dated September 6, 2017. Defendants argue that because Plaintiffs' action was filed approximately 108 days after the right to sue letter was issued, that it is untimely and must be dismissed. Defendants direct the Court to Tenth Circuit precedent which holds that where there is a dispute regarding the date of receipt or, where that date is unknown, a rebuttable presumption arises that the right to sue letter was received within three to seven days after it was issued by the EEOC. See Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001). Defendants argue that even were the Court to apply the seven-day presumptive receipt date, Plaintiff Trissel's Complaint was still untimely filed.

In her Complaint, Plaintiff Trissel asserts the Notice of Rights letter was not received until November 27, 2017. Plaintiff Trissel argues this assertion is sufficient to overcome Defendants' request for dismissal. At this stage of the case, the Court finds that the allegations in Plaintiff Trissel's Complaint are sufficient to rebut the presumption argued by Defendants and demonstrate her case was timely filed. Defendants' questions about the timeliness cannot be resolved without additional factual development, inappropriate at this stage of the proceedings. Accordingly, Defendants' Motion to Dismiss Plaintiff Trissel's Title VII and OADA claims as untimely filed will be denied.

Defendants next challenge Plaintiffs' claims for intentional interference with contractual relations against Defendant Patrick. According to Defendants, the allegations in Plaintiffs' Complaint raise claims for nothing other than unlawful discrimination, harassment, and retaliation, and therefore their exclusive remedy for those claims lies in either Title VII or the OADA. In response, Plaintiffs note that their claims for intentional interference with contractual or business relationships rely upon arguments that Defendant Patrick acted outside the scope of his employment, or outside his authority and in a manner that damaged Plaintiffs' relationship with their employer. Plaintiffs argue that because they anticipate Defendants will argue that the reasons Defendant Patrick took action against them are not protected by Title VII or the OADA they should be entitled to pursue their intentional interference claim.

Plaintiffs' Complaint alleges facts outlining the elements of an intentional interference claim. Whether or not that claim can be factually supported in a way that factually distinguishes it from a Title VII and/or OADA claim requires development of the issue well beyond what is appropriate at the motion to dismiss stage. Defendants' reliance on Jones v. Needham, 856 F.3d 1284 (10th Cir. 2017), is not helpful, as the allegations in that case are different from those raised here and the Tenth Circuit's determination that the plaintiff's intentional interference claims were barred by his OADA claims does not apply given the fact presently before the Court. Defendants' Motion will be denied on this issue.

Finally, Defendants seek to dismiss certain allegations raised by Plaintiffs which occurred before the 300-day period prior to filing their charge and certain acts or

discrimination that were not included in their charge of discrimination. The Court finds that resolution of this issue must necessarily await development of the issues through discovery. Therefore, this portion of Defendants' Motion to Dismiss will be denied.

## **CONCLUSION**

For the reasons set forth more fully herein, Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint (Dkt. No. 8) is DENIED.

IT IS SO ORDERED this 27th day of February, 2018.

ROBIN J. CAUTHRON
United States District Judge